■ In the Matter of the Arbitration between COUNTY OF DUTCHESS, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., on Behalf of TRACY MACKEY, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated October 7, 1983, which granted the application. ¶ Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The parties are directed to proceed to arbitration forthwith. ¶ The County of Dutchess (hereinafter county) and the Civil Service Employees Association (hereinafter CSEA) entered into a collective bargaining agreement for the period of 1982-1983, which, *inter alia,* provided that (art VIII, § 1, par [a]): "The County shall participate in a health insurance plan for the benefit of its employees and their families. The plan shall provide coverage which is the same as the coverage provided by the New York State Employees Health Insurance Program (Statewide and G.H.I. only) as it existed on December 31, 1981, including hospitalization and a major medical plan. The County shall provide the Union with sixty days written notice of its intention to change health insurance carriers. Included in the notice will be all relevant information available concerning the proposed new carrier." On or about January 24, 1983, Tracy Mackey, an employee in the bargaining unit represented by CSEA, submitted a grievance alleging a violation of the above-mentioned contract provision. The grievance alleged that the medical plan contracted for by the county did not provide the same coverage provided by the New York State Employees Health Insurance Program as it existed on December 31, 1981. ¶ After the grievance was denied at the various stages of the grievance procedure, CSEA, on behalf of Mackey, demanded binding arbitration under the rules of the American Arbitration Association, pursuant to the collective bargaining agreement. The county thereafter commenced the instant proceeding to stay arbitration pursuant to CPLR 7503 (subd [b]) which was granted by Special Term. ¶ The CSEA contends that the stay of arbitration was improperly granted because Special Term determined the grievance on the merits. We agree. The subject matter of the dispute is permissible under the Taylor Law (Civil Service Law, art 14) and a review of the collective bargaining agreement indicates that the terms of their arbitration clause requires that the issue raised in the grievance be submitted to arbitration (see *Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.],* 42 NY2d 509). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.